## Ex parte LEE BAILEY.

No. A-8072.  Opinion Filed Feb. 7, 1931.
(296 Pac. 998.)

Tichenor & Bristow, for petitioner.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.  This is an original proceeding in habeas corpus.  Petitioner alleges that he was convicted in the county court of Cleveland county for a violation of the prohibitory law and was sentenced to serve a term of 30

days in the county jail and to pay a fine of $50; that he has served said sentence of 30 days. That he gave a stay bond for the payment of the fine and costs under the provisions of section 2997, Comp. Stat. 1921, which is:

"Upon conviction, or plea of guilty of misdemeanor, the defendant may stay the collection of the fine by giving good and sufficient bond, with two or more sureties to be approved by the court, conditioned that the defendant will pay the fine and costs within 30 days from the date of the judgment: Provided, that if the defendant is sentenced to pay a fine and be imprisoned, the bond shall be conditioned to pay the fine and costs within 30 days after the end of the term of imprisonment. The court shall require the sureties on the stay bond to justify as in other cases."

That thereafter, the fine and costs not having been paid, petitioner was committed to the county jail to serve out the amount thereof. Petitioner contends that, after the stay bond was given, it was a payment, and the bond became a civil obligation only.

The contention cannot be sustained. The execution of a stay bond under the provisions of section 2997, supra, is not a payment of the fine and costs, but merely a stay or suspension of the payment for a term of 30 days upon the conditions enumerated.

Section 2998, Comp. Stat. 1921, is in part:

"If the defendant, on conviction, or plea of guilty to a misdemeanor, fails to pay or secure the fine and costs, as before provided, or if after staying it he shall fail to pay, he shall be committed until he shall have served out the amount thereof.* * *"

Where a defendant is convicted of a misdemeanor and executes a stay bond and then fails to pay the fine and costs so stayed, it is the duty of the proper officer to com-

mit the defendant until the fine and costs shall be discharged by imprisonment or shall have been paid.

The writ is denied.

DAVENPORT, P. J., and CHAPPELL, J., concur.