## Ex parte DAVE A. TAYLOR.

No. A-8899.   June 7, 1935.
(45 Pac. [2d] 1110.)

Jno. V. Roberts, for petitioner.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

DAVENPORT, P. J. This is an orginal proceeding in habeas corpus in which petitioner alleges he is unlawfully and illegally restrained of his liberty. The case has been submitted upon an agreed statement of facts, which omitting the caption and signatures is as follows:

"It is hereby stipulated and agreed that the petitioner Dave A. Taylor, was arrested upon a charge of transporting liquor in Garfield county, Oklahoma, on the 6th day of March, 1934, and on the 10th day of March 1934, entered his plea of guilty to said charge in the county court of Garfield county and was by said county court sentenced to serve fifty (50) days in the county jail of said county and to pay a fine of fifty dollars ($50.00) and the costs amounting to $27.77.

"That said defendant Dave A. Taylor was committed to said jail on said March 10th and served in said jail 55 days of his said sentence and on May 3rd, 1934, gave a stay bond staying the fine and costs and was on said date released. That at the expiration of the thirty day stay as provided in said stay bond, the said Dave A. Taylor appeared in said county court and requested additional time to pay the amount set forth in the stay bond. That the county judge advised the defendant that in view of his family obligations he would not forfeit the bond or issue a bench warrant; that similar appearances by defendant were made from time to time and the same advice and leniency given.

"That on the 2nd day of April, 1935, said court issued a bench warrant for the arrest and imprisonment of said Dave A. Taylor when the court learned that the defendant was charged with another offense, which warrant was duly served and the said Dave A. Taylor is now held in the county jail of Garfield county, Oklahoma.

"That said Dave A. Taylor on the 4th day of August, 1934, paid on said fine the sum of Two dollars and that no more has been paid on said fine and costs."

The sole question presented in this case by the petitioner and argued is, "Where a person convicted of a crime and sentenced to pay a fine and cost, and also imprisoned, after a legal commitment, and having served the imprisonment, gave a stay bond and stayed the fine for thirty days, as provided by statute, and at the expiration of the stay bond appears and submits himself for further orders, and the trial court indefinitely extends the time and conditions of the part of the sentence inflicting the fine and costs, can the trial court after the time would have expired by imprisonment at the rate of one day for each dollar of the fine and costs, issue a commitment for the person and require him to serve his sentence?"

This question has been before this court many times, and has been answered in the affirmative. Petitioner in his brief relies upon Ex parte Clendenning, 22 Okla. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628. The court has carefully read and studied the Clendenning case and finds the facts in the Clendenning case are not the same or similar to the facts in this case.

In the Clendenning case this court said :

"When a judgment of imprisonment is imposed by a court on plea of guilty or conviction in a criminal case, and the same is not stayed as provided by law, the defendant should forthwith be committed to the proper officer for incarceration; and where this is not done, and the court makes an order under which the defendant is discharged from custody, it has no power or jurisdiction, after the lapse of the time involved in the sentence and after the term, to issue commitment on such judgment."

The court has carefully examined the other authorities relied on by the petitioner, and has reached the conclusion they are not in point. In this case the defendant was convicted and served his jail sentence and gave a stay bond

and stayed the payment of the fine and costs and was released from custody.

Section 3366, O. S. 1931, provides for giving a stay bond where the defendant was convicted of, or pleaded guilty to, a misdemeanor.

Section 2998, C. O. S. 1921, now section 3367, O. S. 1931, in part reads as follows:

"If the defendant, on conviction, or plea of guilty to a misdeameanor, fails to pay or secure the fine and costs, as before provided, or if after staying it he shall fail to pay, he shall be committed until he shall have served out the amount thereof."

In Ex parte Colbert, 52 Okla. Cr. 392, 5 Pac. (2d) 765, this court said that:

"If a defendant, on conviction of a misdemeanor, shall, after executing a bond to stay the fine and costs, fail to pay, he shall be committed until he shall have served out the amount thereof." Citing Ex parte Bailey, 50 Okla. Cr. 53, 296 Pac. 998.

The agreed statement of facts brings petitioner within the terms of this statute. The fact that the state may endeavor by civil suit to recover the amount mentioned in the bond is a matter for which we have no concern.

The writ is denied.

EDWARDS and DOYLE, JJ., concur.